## Steinman Hardware Co., Inc., etc., v. Musketnuss et al.

*H. Clay Burkholder* and *F. Lyman Windolph*, for plaintiff.

*S. V. Hosterman*, for defendant.

ATLEE, J., Jan. 10, 1931.—1. This is a writ of replevin in which the Steinman Hardware Company, Inc., a Pennsylvania corporation, trading as Kirk Johnson & Company, Inc., is the plaintiff, and Lillian Musketnuss, Charles A. Musketnuss and W. G. Sweigart, constable, are named as defendants in the writ. Barnet Miller became the intervening defendant on a petition, in which he alleged that, prior to the issuing of the writ of replevin and seizure by the sheriff, the said Barnet Miller had issued a landlord's warrant against the defendants, Lillian Musketnuss and Charles A. Musketnuss, as Miller's tenants, at No. 18 Filbert Street, Lancaster, Pa. In this landlord's warrant, W. G. Sweigart, one of the defendants here, had acted as the bailiff of Barnet Miller.

2. The said Barnet Miller alleges that he had a prior lien and a superior right over the said plaintiffs as to the piano, to recover which the plaintiffs had issued the writ of replevin.

3. In the plaintiffs' declaration they allege that, on or about Sept. 8, 1928, the plaintiffs sold to the said Lillian Musketnuss and Charles A. Musketnuss one Underwood & Son mahogany piano, serial No. 37,968, upon a written agreement of conditional sale, according to the terms of which agreement the said purchasers of the piano were to pay therefor the sum of $245; that, on Oct. 6, 1928, the said written agreement was entered in the office of the Prothonotary of Lancaster County, in accordance with the provisions of the Uniform Conditional Sales Act of 1925 and its amendments; and, further, that the said purchasers became in default, having paid only $82 on their bill, and thus left an unpaid balance of $163. The plaintiff alleges that, by reason of the default of said purchasers, the immediate right of possession to the piano vested in the plaintiff.

4. The intervening defendant, Barnet Miller, in his affidavit of defense, alleges that the said written agreement was not entered in the office of the Prothonotary of Lancaster County in accordance with the provisions of the Uniform Conditional Sales Act of 1925 and its amendments. The defendant avers that the purchasers of the piano were tenants of Miller's property at No. 18 West Filbert Street, Lancaster, Pa.; that, on Aug. 13, 1930, the tenants owed rent to the said landlord in the sum of $35, and that thereupon, on that date, Miller issued a landlord's warrant and engaged W. G. Sweigart, constable, to act as his bailiff, and that the said bailiff, on Aug. 13, 1930, levied upon the said piano, one bench and sixty-one piano rolls on the demised premises; that the goods were duly appraised and advertised for sale, which sale was to take place on Aug. 28, 1930, and that, before the said sale was held, the plaintiff herein, on Aug. 28, 1930, issued the writ of replevin.

5. The affidavit of defense raises the question that the contract between the plaintiff and the purchasers of the piano did not create a conditional sale under the provisions of the Uniform Conditional Sales Act of 1925; and further alleges that the plaintiff did not at any time give notice to the landlord, Miller, that the instrument so leased or hired was the property of the plaintiff, and, therefore, exempt from levy or sale on execution or distress for rent, which notice it would have been required to give if the Act of May 13, 1876, P. L. 171, was the only act of assembly of Pennsylvania on the subject.

6. The pleadings in this case, therefore, raise the question as to the right of Miller to hold the piano for rent when the piano is claimed by the plaintiff, who alleges that the agreement created a valid reservation of title in the plaintiff—a reservation of title valid against the lien which the landlord might have upon the piano for rent due the landlord for the demised premises and for rent which accrued subsequent to the filing of the agreement in the prothonotary's office.

7. It seems that there is no case in Pennsylvania at present available in which the exact point at issue here has been decided. The question, therefore, before us for decision is this: Does the recording of an agreement such as that set forth in the plaintiff's statement, and under the circumstances here shown, give the plaintiff the right to take the piano from the demised premises free of any lien of the landlord for rent?

8. From the pleadings appear the facts in the order of their happening:

(a) On Sept. 8, 1928, plaintiff sold to the "buyer" the piano, and on this day was signed the agreement on which the plaintiff bases its right to recover.

*(b)* On Oct. 6, 1928, this written agreement was entered in the prothonotary's office.

*(c)* On March 24, 1930, the "buyer" made the last payment that he made, he then paying the sum of $1, which made a total of $82, and left an unpaid balance of $163.

*(d)* On Aug. 13, 1930, Barnet Miller issued his landlord's warrant and levied upon the piano in dispute, and, after appraisement, the goods were advertised for a sale to be held on Aug. 28, 1930.

*(e)* On Aug. 28, 1930, the plaintiff issued the writ of replevin.

9. So that it appears that the buyer of the piano was in default for almost five months before the plaintiff moved to recover the piano.

10. Also, it appears from the plaintiff's statement that the plaintiff — although the agreement on which it relies was dated Sept. 8, 1928—did not record the agreement in the prothonotary's office until Oct. 6, 1928, namely, twenty-eight days after its execution, although the Uniform Conditional Sales Act of 1925 provides as follows:

"Section 4. Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided.

"Section 5. Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale.

"Section 6. The conditional sale contract or copy shall be filed in the office of the prothonotary in the county in which the goods are first kept for use by, the buyer after the sale. . . ."

11. At this time the court does not decide whether or not plaintiff's failure to record the agreement within ten days after its execution made the agreement invalid as to claims arising after the date of recording the agreement.

12. The title of the Act of May 13, 1876, is: "To exempt pianos, melodeons and organs leased or hired from levy or sale on execution or distress for rent." This act provides that the owner of, or the person so leasing, such an instrument shall give notice to the landlord.

13. The Uniform Conditional Sales Act of 1925 is found on page 603 of the Pamphlet Laws for that year, and its title reads: "Concerning conditional sales; and to make uniform the law relating thereto."

14. Is the title of the Act of 1925 sufficient to give to landlords notice that goods sold under agreements such as this are not liable to distraint for rent? That is a question we may raise at this time. Landlords are not creditors and rents due are not debts in the ordinary legal meaning. Always, under the common law, the landlord has had a right to distrain the goods of a stranger upon the demised premises. If the plaintiff's contention is correct, the Act of 1925 would confer upon the seller of the piano an immunity not covered by the title of that act, and would deprive the landlord here of a right of whose taking away no landlord would have had notice from anything appearing in the title of the Act of 1925.

15. If the agreement created a bailment under the circumstances of this case, the plaintiff must lose. If the agreement evidenced a conditional sale, the landlord should have his right to distrain, provided the conclusion herein indicated as to the insufficiency of the title of the Act of 1925 is correct. It is to be borne in mind that this is a dispute between the seller and the land-

lord asserting a right to distrain. This is not a dispute between the seller and creditors of the buyer.

15. Therefore, the rule to show cause why judgment for want of a sufficient affidavit of defense should not be entered is discharged.

From George Ross Eshleman, Lancaster, Pa.